IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. and ARIUS TWO, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. ______________________ |
| ACTAVIS LABORATORIES UT, INC. and ACTAVIS, INC., | ) | |
| Defendants. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiffs BioDelivery Sciences International, Inc., and Arius Two, Inc., (collectively "Plaintiffs"), file this Complaint for patent infringement against Defendants Actavis Laboratories UT, Inc., and Actavis, Inc., (collectively "Defendants"), under 35 U.S.C. §§ 271(e)(2), (a), (b) and (c). This patent action concerns the pharmaceutical drug product Bunavail®. Plaintiffs hereby state as follows:

**JURISDICTION AND PARTIES**

2. Plaintiff BioDelivery Sciences International, Inc. ("BDSI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4131 ParkLake Ave., Suite 225, Raleigh, North Carolina 27612.

3. Plaintiff Arius Two, Inc. ("Arius") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4131 ParkLake Ave., Suite 225, Raleigh, North Carolina 27612. Plaintiff Arius is a wholly owned subsidiary of Plaintiff BDSI.

4. On information and belief, Defendant Actavis Laboratories UT, Inc. ("Actavis Labs") is a corporation organized and existing under the laws of the State of Delaware, having a

principal place of business at 577 Chipeta Way, Salt Lake City, Utah 84108. On information and belief, Defendant Actavis Labs maintains a registered agent in Delaware, the Corporation Trust Company.

5. Upon information and belief, Defendant Actavis, Inc. is a corporation organized and existing under the laws of the State of Nevada, having a principal place of business at 400 Interpace Parkway, Parsippany, New Jersey 07054.

6. On information and belief, Defendant Actavis Labs is a wholly-owned subsidiary of Defendant Actavis, Inc.

7. On information and belief, the acts of Defendant Actavis Labs complained of herein were done at the direction of, with the authorization of, or with the cooperation, participation or assistance of, or at least in part for the benefit of Defendant Actavis, Inc.

8. On information and belief, Defendant Actavis Labs is a pharmaceutical company that formulates, manufactures, packages, and markets generic drug products for distribution in the District of Delaware and throughout the United States.

9. On information and belief, Defendant Actavis Labs regularly conducts business in Delaware and has a state-issued license to distribute pharmaceutical drugs in Delaware.

10. On information and belief, Defendant Actavis Labs derives substantial revenue from the sale of its products in Delaware and throughout the United States.

11. On information and belief, Defendant Actavis Labs is amenable to litigating in this forum based on Defendant Actavis Labs' conduct in numerous other litigations in this District. In particular, Defendant Actavis Labs has elected not to contest personal jurisdiction on several different occasions as a defendant in this District. Additionally, Defendant Actavis Labs

has previously availed itself of this Court by asserting counterclaims, and filing a declaratory judgment action in other civil actions initiated in this jurisdiction.

12. This Court has personal jurisdiction over Defendant Actavis Labs by virtue of, among other things: (1) its incorporation in Delaware; (2) its registration to do business in Delaware, including appointment of a registered agent; (3) its sale and distribution of generic drugs in Delaware; (4) its course of conduct that is designed to cause the performance of the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, which are Delaware corporations; (5) its purposeful availment of this forum previously for the purpose of litigating a patent dispute; and (6) its admission that it is subject to the Court's jurisdiction in other patent litigations.

13. On information and belief, Defendant Actavis, Inc. regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, demonstrating that Defendant Actavis, Inc. has continuous and systematic contacts with Delaware.

14. On information and belief, Defendant Actavis, Inc. purposefully has conducted and continues to conduct business in this judicial district by directly, or indirectly through its wholly owned subsidiaries, manufacturing, marketing, and selling generic drug products, including generic drug products manufactured by Defendant Actavis Labs, throughout the United States and in this judicial district.

15. On information and belief, Defendant Actavis, Inc. has availed itself of this forum by filing lawsuits in this judicial district as a plaintiff.

16. On information and belief, Defendant Actavis, Inc. has also availed itself of this forum by consenting to personal jurisdiction and asserting counterclaims in numerous other civil actions initiated in this jurisdiction.

17. This Court has personal jurisdiction over Defendant Actavis, Inc. by virtue of, among other things: (1) its sale and distribution of generic drugs in Delaware; (2) its course of conduct that is designed to cause the performance of the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, which are Delaware corporations; (3) its purposeful availment of this forum previously for the purpose of litigating a patent dispute; and (4) its admission that it is subject to the Court's jurisdiction in other patent litigations.

18. This patent infringement action arises under the United States Patent Laws, Title 35 U.S.C. § 100 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I FOR PATENT INFRINGEMENT
**(Infringement of the '019 Patent under 35 U.S.C. § 271(e)(2))**

19. Plaintiffs reallege and incorporate by reference paragraphs 1-18.

20. United States Patent No. 7,579,019 ("the '019 patent"), titled "Pharmaceutical Carrier Device Suitable for Delivery of Pharmaceutical Compounds to Mucosal Surfaces," was duly and legally issued to inventors Gilles H. Tapolsky and David W. Osborne by the United States Patent and Trademark Office ("PTO") on August 25, 2009. The '019 patent is currently assigned to Plaintiff Arius and expires on January 22, 2020. This expiration date includes a 1191 day patent term adjustment granted by the PTO in accordance with the decision in *Wyeth & Elan Pharma Int'l Ltd. v. Kappos*, 591 F.3d 1364 (Fed. Cir. 2010). A true and correct copy of the '019 patent is attached as Exhibit A.

21. New Drug Application ("NDA") No. 205637 is directed to the use of Bunavail® in the maintenance treatment of opioid dependence. The FDA approved NDA No. 205637 on June 6, 2014. The '019 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") for NDA No. 205637.

22. On information and belief, Defendants filed, or caused to be filed, Abbreviated New Drug Application ("ANDA") No. 208806 with the FDA under 21 U.S.C. § 355(j), seeking to obtain approval for the commercial manufacture, use, and sale of 6.3 mg buprenorphine/1 mg naloxone buccal film ("Defendants' generic buprenorphine/naloxone buccal film") in the United States before the expiration of the '019 patent.

23. On information and belief, ANDA No. 208806 contains a Paragraph IV certification alleging that the claims of the '019 patent are invalid.

24. Defendants sent, or caused to be sent, to Plaintiffs a letter dated February 4, 2016 ("the Notice Letter") notifying Plaintiffs that Defendants had submitted ANDA No. 208806, and providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii). The Notice Letter alleges invalidity of claims 1-7 of the '019 patent. The Notice Letter does not contest infringement of the '019 patent.

25. Under 35 U.S.C. § 271(e)(2)(A), Defendants infringed one or more claims of the '019 patent, in violation of Plaintiffs' patent rights, by submitting to the FDA an ANDA that seeks approval to commercially market—before the expiration date of the '019 patent—Defendants' generic buprenorphine/naloxone buccal film, the use of which would directly infringe, literally or through the doctrine of equivalents, one or more claims of the '019 patent, and the manufacture, use, offer for sale, or sale of which would contribute to or induce the direct

infringement of one or more claims of the ’019 patent by prescribers and/or users of Defendants’ generic buprenorphine/naloxone buccal film.

26. On information and belief, Defendants have knowledge of the ’019 patent and have filed ANDA No. 208806 seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants’ generic buprenorphine/naloxone buccal film in the United States. On information and belief, if the FDA approves ANDA No. 208806, physicians, health care providers, and/or patients will prescribe and/or use Defendants’ generic buprenorphine/naloxone buccal film in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the ’019 patent.

27. On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants’ generic buprenorphine/naloxone buccal film in accordance with the instructions and/or label provided by Defendants, and will therefore induce infringement of one or more of the claims of the ’019 patent with the requisite intent.

28. On information and belief, if the FDA approves ANDA No. 208806, Defendants will sell or offer to sell their generic buprenorphine/naloxone buccal film specifically labeled for use in practicing one or more of the method claims of the ’019 patent, wherein Defendants’ generic buprenorphine/naloxone buccal film is a material part of the method claimed, wherein Defendants know that physicians will prescribe and patients will use Defendants’ generic buprenorphine/naloxone buccal film in practicing one or more of the methods claimed in the ’019 patent, and wherein buprenorphine/naloxone buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the ’019 patent.

29. Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**COUNT II FOR PATENT INFRINGEMENT**
**(Infringement of the '866 Patent under 35 U.S.C. § 271(e)(2))**

30. Plaintiffs reallege and incorporate by reference paragraphs 1-18.

31. United States Patent No. 8,147,866 ("the '866 patent"), titled "Transmucosal Delivery Devices with Enhanced Uptake," was duly and legally issued to inventors Andrew Finn and Niraj Vasisht by the PTO on April 3, 2012. The '866 patent is currently assigned to Plaintiff BDSI and expires on July 23, 2027. A true and correct copy of the '866 patent is attached as Exhibit B.

32. New Drug Application ("NDA") No. 205637 is directed to the use of Bunavail® in the maintenance treatment of opioid dependence. The FDA approved NDA No. 205637 on June 6, 2014. The '866 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") for NDA No. 205637.

33. On information and belief, Defendants filed, or caused to be filed, Abbreviated New Drug Application ("ANDA") No. 208806 with the FDA under 21 U.S.C. § 355(j), seeking to obtain approval for the commercial manufacture, use, and sale of 6.3 mg buprenorphine/1 mg naloxone buccal film ("Defendants' generic buprenorphine/naloxone buccal film") in the United States before the expiration of the '866 patent.

34. On information and belief, ANDA No. 208806 contains a Paragraph IV certification alleging that the claims of the '866 patent are invalid.

35. Defendants sent, or caused to be sent, to Plaintiffs a letter dated February 4, 2016 ("the Notice Letter") notifying Plaintiffs that Defendants had submitted ANDA No. 208806, and

providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii). The Notice Letter alleges invalidity of claims 1-12 of the ’866 patent. The Notice Letter does not contest infringement of the ’866 patent.

36. Under 35 U.S.C. § 271(e)(2)(A), Defendants infringed one or more claims of the ’866 patent, in violation of Plaintiffs’ patent rights, by submitting to the FDA an ANDA that seeks approval to commercially market—before the expiration date of the ’866 patent—Defendants’ generic buprenorphine/naloxone buccal film, the manufacture, use, offer for sale, or sale within the United States of which would directly infringe, literally or through the doctrine of equivalents, one or more claims of the ’866 patent, and the manufacture, use, offer for sale, or sale of which would contribute to or induce the direct infringement of one or more claims of the ’866 patent by prescribers and/or users of Defendants’ generic buprenorphine/naloxone buccal film.

37. On information and belief, Defendants have knowledge of the ’866 patent and have filed ANDA No. 208806 seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants’ generic buprenorphine/naloxone buccal film in the United States. On information and belief, if the FDA approves ANDA No. 208806, physicians, health care providers, and/or patients will prescribe and/or use Defendants’ generic buprenorphine/naloxone buccal film in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the ’866 patent.

38. On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants’ generic buprenorphine/naloxone buccal film in accordance with the instructions and/or label provided by

Defendants, and will therefore induce infringement of one or more of the claims of the ’866 patent with the requisite intent.

39. On information and belief, if the FDA approves ANDA No. 208806, Defendants will sell or offer to sell their generic buprenorphine/naloxone buccal film specifically labeled for use in practicing one or more of the method claims of the ’866 patent, wherein Defendants’ generic buprenorphine/naloxone buccal film is a material part of the method claimed, wherein Defendants know that physicians will prescribe and patients will use Defendants’ generic buprenorphine/naloxone buccal film in practicing one or more of the methods claimed in the ’866 patent, and wherein buprenorphine/naloxone buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the ’866 patent.

40. Plaintiffs will be substantially and irreparably harmed by Defendants’ infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**COUNT III FOR PATENT INFRINGEMENT**
**(Infringement of the ’177 Patent under 35 U.S.C. § 271(e)(2))**

41. Plaintiffs reallege and incorporate by reference paragraphs 1-18.

42. United States Patent No. 8,703,177 (“the ’177 patent”), titled “Abuse-Resistant Mucoadhesive Devices for Delivery of Buprenorphine,” was duly and legally issued to inventors Andrew Finn and Niraj Vasisht by the PTO on April 22, 2014. The ’177 patent is currently assigned to Plaintiff BDSI and expires on August 20, 2032. A true and correct copy of the ’177 patent is attached as Exhibit C.

43. New Drug Application (“NDA”) No. 205637 is directed to the use of Bunavail® in the maintenance treatment of opioid dependence. The FDA approved NDA No. 205637 on

June 6, 2014. The ’177 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations (“the Orange Book”) for NDA No. 205637.

44. On information and belief, Defendants filed, or caused to be filed, Abbreviated New Drug Application (“ANDA”) No. 208806 with the FDA under 21 U.S.C. § 355(j), seeking to obtain approval for the commercial manufacture, use, and sale of 6.3 mg buprenorphine/1 mg naloxone buccal film (“Defendants’ generic buprenorphine/naloxone buccal film”) in the United States before the expiration of the ’177 patent.

45. On information and belief, ANDA No. 208806 contains a Paragraph IV certification alleging that the claims of the ’177 patent are invalid and/or not infringed.

46. Defendants sent, or caused to be sent, to Plaintiffs a letter dated February 4, 2016 (“the Notice Letter”) notifying Plaintiffs that Defendants had submitted ANDA No. 208806, and providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii). The Notice Letter alleges invalidity and noninfringement of claims 1-7 of the ’177 patent.

47. Under 35 U.S.C. § 271(e)(2)(A), Defendants infringed one or more claims of the ’177 patent, in violation of Plaintiffs’ patent rights, by submitting to the FDA an ANDA that seeks approval to commercially market—before the expiration date of the ’177 patent—Defendants’ generic buprenorphine/naloxone buccal film, the manufacture, use, offer for sale, or sale within the United States of which would directly infringe, literally or through the doctrine of equivalents, one or more claims of the ’177 patent, and the manufacture, use, offer for sale, or sale of which would induce the direct infringement of one or more claims of the ’177 patent by prescribers and/or users of Defendants’ generic buprenorphine/naloxone buccal film.

48. On information and belief, Defendants have knowledge of the ’177 patent and have filed ANDA No. 208806 seeking authorization to commercially manufacture, use, offer for

sale, and sell Defendants' generic buprenorphine/naloxone buccal film in the United States. On information and belief, if the FDA approves ANDA No. 208806, physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine/naloxone buccal film in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the '177 patent.

49. On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine/naloxone buccal film in accordance with the instructions and/or label provided by Defendants, and will therefore induce infringement of one or more of the claims of the '177 patent with the requisite intent.

50. Plaintiffs will be substantially and irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**<u>COUNT IV FOR DECLARATORY JUDGMENT</u>**
**(Declaratory Judgment of Patent Infringement of the '019 Patent Under 35 U.S.C. §§ 271 (b), and/or (c))**

51. Plaintiffs reallege and incorporate by reference paragraphs 1-29.

52. This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 et seq., including 35 U.S.C. § 271(b)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

53. The manufacture, sale, offer for sale, and/or importation of Defendants' generic buprenorphine/naloxone buccal film so labeled, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the '019 patent under 35 U.S.C. § 271(b) and/or (c), in violation of Plaintiffs' patent rights.

54. On information and belief, Defendants have knowledge of the ’019 patent and have filed ANDA No. 208806 seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants’ generic buprenorphine/naloxone buccal film in the United States. On information and belief, if the FDA approves ANDA No. 208806, physicians, health care providers, and/or patients will prescribe and/or use Defendants’ generic buprenorphine/naloxone buccal film in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the ’019 patent.

55. On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants’ generic buprenorphine/naloxone buccal film in accordance with the instructions and/or label provided by Defendants, and will therefore induce infringement of one or more of the claims of the ’019 patent with the requisite intent under 35 U.S.C. § 271(b).

56. On information and belief, if the FDA approves ANDA No. 208806, Defendants will sell or offer to sell their generic buprenorphine/naloxone buccal film specifically labeled for use in practicing one or more of the method claims of the ’019 patent, wherein Defendants’ generic buprenorphine/naloxone buccal film is a material part of the method claimed in the ’019 patent, wherein Defendants know that physicians will prescribe and patients will use Defendants’ generic buprenorphine/naloxone buccal film for one or more of the methods claimed in the ’019 patent, and wherein buprenorphine/naloxone buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the ’019 patent under 35 U.S.C. § 271(c).

57. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants as to liability for the infringement of

the ’019 patent claims. Defendants’ actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from Defendants’ threatened imminent actions.

**COUNT V FOR DECLARATORY JUDGMENT**
**(Declaratory Judgment of Patent Infringement of the ’866 Patent Under 35 U.S.C. §§ 271 (a), (b), and/or (c))**

58. Plaintiffs reallege and incorporate by reference paragraphs 1-18, and 30-40.

59. This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 et seq., including 35 U.S.C. § 271(a)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

60. On information and belief, and based on information provided by Defendants, if the FDA approves Defendants’ generic buprenorphine/naloxone buccal film for use and sale in the United States, Defendants would directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the ’866 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs’ patent rights, by making, using, offering to sell, selling, and/or importing Defendants’ generic buprenorphine/naloxone buccal film for use and sale within the United States.

61. The manufacture, sale, offer for sale, and/or importation of Defendants’ generic buprenorphine/naloxone buccal film so labeled, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the ’866 patent under 35 U.S.C. § 271(b) and/or (c), in violation of Plaintiffs’ patent rights.

62. On information and belief, Defendants have knowledge of the ’866 patent and have filed ANDA No. 208806 seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants’ generic buprenorphine/naloxone buccal film in the United States. On information and belief, if the FDA approves ANDA No. 208806, physicians, health care providers, and/or patients will prescribe and/or use Defendants’ generic buprenorphine/naloxone

buccal film in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the ’866 patent.

63. On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants’ generic buprenorphine/naloxone buccal film in accordance with the instructions and/or label provided by Defendants, and will therefore induce infringement of one or more of the claims of the ’866 patent with the requisite intent under 35 U.S.C. § 271(b).

64. On information and belief, if the FDA approves ANDA No. 208806, Defendants will sell or offer to sell their generic buprenorphine/naloxone buccal film specifically labeled for use in practicing one or more of the method claims of the ’866 patent, wherein Defendants’ generic buprenorphine/naloxone buccal film is a material part of the method claimed in the ’866 patent, wherein Defendants know that physicians will prescribe and patients will use Defendants’ generic buprenorphine/naloxone buccal film for one or more of the methods claimed in the ’866 patent, and wherein buprenorphine/naloxone buccal film is not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants will thus contribute to the infringement of the ’866 patent under 35 U.S.C. § 271(c).

65. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants as to liability for the infringement of the ’866 patent claims. Defendants’ actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from Defendants’ threatened imminent actions.

## COUNT VI FOR DECLARATORY JUDGMENT
**(Declaratory Judgment of Patent Infringement of the ’177 Patent Under 35 U.S.C. §§ 271 (a) and/or (b))**

66. Plaintiffs reallege and incorporate by reference paragraphs 1-18, and 41-50.

67. This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 et seq., including 35 U.S.C. §§ 271(a) and/or (b), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

68. On information and belief, and based on information provided by Defendants, if the FDA approves Defendants' generic buprenorphine/naloxone buccal film for use and sale in the United States, Defendants would directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '177 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights, by making, using, offering to sell, selling, and/or importing Defendants' generic buprenorphine/naloxone buccal film use and sale within the United States.

69. On information and belief, Defendants have knowledge of the '177 patent and have filed ANDA No. 208806 seeking authorization to commercially manufacture, use, offer for sale, and sell Defendants' generic buprenorphine/naloxone buccal film in the United States. On information and belief, if the FDA approves ANDA No. 208806, physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine/naloxone buccal film in accordance with the instructions and/or label provided by Defendants and will directly infringe one or more claims of the '177 patent.

70. On information and belief, Defendants know and intend that physicians, health care providers, and/or patients will prescribe and/or use Defendants' generic buprenorphine/naloxone buccal film in accordance with the instructions and/or label provided by Defendants, and will therefore induce infringement of one or more of the claims of the '177 patent with the requisite intent under 35 U.S.C. § 271(b).

71. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendants as to liability for the infringement of

the ’177 patent claims. Defendants’ actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from Defendants’ threatened imminent actions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor as follows:

a) declare that United States Patent Nos. 7,579,019, 8,147,866, and 8,703,177 are valid;

b) declare that, under 35 U.S.C. § 271(e)(2)(A), Defendants infringed United States Patent Nos. 7,579,019, 8,147,866, and 8,703,177 by submitting ANDA No. 208806 to the FDA to obtain approval to commercially manufacture, use, offer for sale, sell, or import into the United States Defendants’ generic buprenorphine/naloxone buccal film prior to the expiration of said patents;

c) declare that Defendants’ commercial manufacture, use, sale, or offer for sale, or importation into the United States of Defendants’ generic buprenorphine/naloxone buccal film prior to the expiration of United States Patent Nos. 7,579,019, 8,147,866, and 8,703,177 would constitute infringement of one or more claims of said patents under 35 U.S.C. §§ 271 (a), (b) and/or (c);

d) order that the effective date of any FDA approval of Defendants’ generic buprenorphine/naloxone buccal film shall be no earlier than the expiration date of United States Patent Nos. 7,579,019, 8,147,866, and 8,703,177, including any exclusivities or extensions to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. § 271(e)(4)(A);

e) enjoin Defendants, and all persons acting in concert with Defendants, from seeking, obtaining, or maintaining final approval of ANDA No. 208806 until the expiration of

United States Patent Nos. 7,579,019, 8,147,866, and 8,703,177, including any exclusivities or extensions to which Plaintiffs are or become entitled;

f) enjoin Defendants, and all persons acting in concert with Defendants, from commercially manufacturing, using, offering for sale, or selling Defendants' generic buprenorphine/naloxone buccal film within the United States, or importing Defendants' generic buprenorphine/naloxone buccal film into the United States, until the expiration of United States Patent Nos. 7,579,019, 8,147,866, and 8,703,177, including any exclusivities or extensions to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. § 271(e)(4)(B);

g) declare this to be an exceptional case and award Plaintiffs their costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4); and

h) grant Plaintiffs such further and additional relief that this Court deems just and proper.

OF COUNSEL:

Jennifer S. Swan
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304-1203
(650) 849-6600

Courtney B. Casp
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

March 18, 2016

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*